UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03 CV 12485 GAO

IVAN D. CARRASCO and
RAUL CARRASCO,
    Plaintiffs

v.

THE RACK, INC. and
SEAN GANNON
    Defendants

### DEFENDANT SEAN GANNON'S
### ANSWER TO PLAINTIFFS' COMPLAINT

Now comes the Defendant Sean Gannon and answers the Plaintiffs' Complaint as follows:

### Parties

1. The Defendant Sean Gannon alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one of the Complaint.

2. The Defendant Sean Gannon alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two of the Complaint.

3. The Defendant Sean Gannon alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph three of the Complaint.

4. The Defendant Sean Gannon admits the allegations contained in paragraph four of the Complaint.

### Factual Allegations

5. The Defendant Sean Gannon admits that the Plaintiffs were customers and patrons at Defendant Rack located in the Faneuil Hall area of Boston on or about the evening of November 30, 2001. The Defendant Sean Gannon further admits that the Plaintiffs are dark skinned by color, but alleges that he is without

1

           knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five of the Complaint.

6.     The Defendant Sean Gannon admits that he was hired by the Defendant Rack to work special duty in uniform on November 30, 2001. The Defendant Sean Gannon denies that he assaulted or severely beat Plaintiff Raul Carrasco, and alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six of the Complaint.

7.     The Defendant Sean Gannon denies the allegations contained in paragraph seven of the Complaint.

8.     The Defendant Sean Gannon admits that he handcuffed Plaintiff Raul Carrasco, that he uncuffed Plaintiff and told him to leave, and that he later forced Plaintiff onto the concrete surface outside The Rack, handcuffed Plaintiff again and thereafter removed the handcuffs. The Defendant Sean Gannon denies the remaining allegations contained in paragraph eight of the Complaint.

9.     The Defendant Sean Gannon denies the allegations contained in paragraph nine of the Complaint.

10.     The Defendant Sean Gannon denies the allegations contained in paragraph ten of the Complaint.

### Count I
### (Negligence against The Rack, Inc.)

Paragraphs eleven and twelve contain allegations against a Defendant other than Sean Gannon, and therefore no response from Sean Gannon is required. To the extent paragraphs eleven and twelve are construed to allege facts, Defendant Sean Gannon denies the same.

### Count II
### (Intentional Infliction of Emotional Distress against Defendants)

13.     The Defendant Sean Gannon denies the allegations contained in paragraph thirteen of the Complaint.

14.     The Defendant Sean Gannon denies the allegations contained in paragraph fourteen of the Complaint.

### Count III
### (Civil Rights Violations against Defendants)

15.     Paragraph fifteen contains allegations against a Defendant other than Sean Gannon, and therefore no response from Sean Gannon is required. To the extent

2

paragraphs fifteen is construed to allege facts, Defendant Sean Gannon denies the same.

16. The Defendant Sean Gannon denies the allegations contained in paragraph sixteen of the Complaint.

17. The Defendant Sean Gannon denies the allegations contained in paragraph seventeen of the Complaint.

18. The Defendant Sean Gannon denies the allegations contained in paragraph eighteen of the Complaint.

19. The Defendant Sean Gannon denies the allegations contained in paragraph nineteen of the Complaint.

20. The Defendant Sean Gannon denies the allegations contained in paragraph twenty of the Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

By way of affirmative defense, Defendant Sean Gannon states that if the Plaintiffs were injured, it was a result of the Plaintiffs' breach of their duty to exercise a high degree of care to protect and ensure their own safety.

### Second Defense

Defendant Sean Gannon states that the injuries or damage alleged were caused in whole or in part by the negligent or intentional acts of the Plaintiffs.

### Third Defense

Defendant Sean Gannon states that he was justified in his acts or conduct and that therefore the Plaintiffs cannot recover.

### Fourth Defense

By way of affirmative defense, the Defendant states that no act or omission by him was a proximate cause of damages allegedly sustained by the Plaintiffs.

### Fifth Defense

By way of affirmative defense, the Plaintiffs are estopped from bringing these claims by their own conduct.

### Sixth Defense

Defendant Sean Gannon states that his acts and conduct were performed according to, and protected by, law and/or legal process, and that therefore the Plaintiffs cannot recover.

### Seventh Defense

Defendant Sean Gannon states that at all times pertinent to this action, he acted in good faith and belief that all actions were in accordance with the laws of the Commonwealth of Massachusetts and United States of America.

### Eighth Defense

Defendant Sean Gannon states that the Plaintiffs have failed to state a claim upon which relief can be granted.

### Ninth Defense

Defendant Sean Gannon states that any injury or damage suffered by the Plaintiffs were caused by others for whose conduct the Defendant is not responsible.

### Tenth Defense

The actions of the Defendant Sean Gannon are entitled to protection by a grant of qualified immunity.

### Eleventh Defense

Defendant Sean Gannon states that the Plaintiffs have failed to name individuals or entities who are indispensable to the resolution of this suit.

### Twelfth Defense

Defendant Sean Gannon states that he is immune from suit while engaging in discretionary functions.

### Thirteenth Defense

Defendant Sean Gannon states that at all times relevant to this Complaint he acted upon probable cause based upon reasonable grounds and that the circumstances justified his conduct.

## JURY CLAIM

The Defendant Sean Gannon hereby demands a trial by jury on all counts and causes of action.

Respectfully submitted,

DEFENDANT, Sean Gannon
Merita A. Hopkins
Corporation Counsel
By its attorney,

_____
Stephen G. Cox
Assistant Corporation Counsel
BBO# 566943
City of Boston Law Department
Room 615, Boston City Hall
Boston, Massachusetts 02201
(617) 635-4064

## CERTIFICATE OF SERVICE

I, Stephen G. Cox, hereby certify that on this date I served a copy of the foregoing document by first class mail, postage prepaid to:

Robert H. Flynn, Esq.                      Leonard J. Caruso, Esq.
Daly, Cavanaugh & Flynn, LLP               Law Offices of Leonardo J Caruso
27 Mica Lane                               221 Lewis Wharf
Wellesley, MA  02481                       Boston, MA 02110

12/15/03                                   _____
Date                                       Stephen G. Cox