UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 03 CV 12485 GAO

IVAN D. CARRASCO and
RAUL CARRASCO,
    Plaintiffs

v.

THE RACK, INC., and SEAN GANNON,
    Defendants



## DEFENDANT, THE RACK, INC.'s, ANSWER TO PLAINTIFFS' COMPLAINT

### PARTIES

1. Without knowledge.

2. Without knowledge.

3. Admit.

4. Admit

### FACTUAL ALLEGATIONS

5. Without knowledge.

6. Deny.

7. Deny.

8. Deny.

9. Deny.

10. Deny.

1

## COUNT I
### (Negligence against The Rack, Inc.)

11. Deny.

12. Deny.

Wherefore Defendant, The Rack, Inc., asks that the Complaint be dismissed.

## COUNT II
### (Intentional Infliction of Emotional Distress against Defendants)

13. Deny.

14. Deny.

Wherefore Defendant, The Rack, Inc., asks that the Complaint be dismissed.

## COUNT III
### (Civil Rights Violations against Defendants)

15. Deny.

16. Deny.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

Wherefore Defendant, The Rack, Inc., asks that the Complaint be dismissed.

## FIRST AFFIRMATIVE DEFENSE

The negligence of the Plaintiffs was greater than any alleged negligence of the Defendant, The Rack, Inc., (hereinafter "Defendant") or of the Defendant's agents,

servants or employees and, therefore, the Plaintiffs are barred from any recovery in the action by the terms of M.G.L. c. 231, § 85.

### SECOND AFFIRMATIVE DEFENSE

The negligence of the Plaintiffs contributed to the injuries, loss and damage claims and, therefore, any recovery by the Plaintiffs must be diminished in accordance with M.G.L. c. 231, § 85.

### THIRD AFFIRMATIVE DEFENSE

The Defendant states that if the Plaintiffs were injured, it was a result of the Plaintiffs' breach of their duty to exercise a high degree of care to protect and ensure their own safety.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant states that no act or omission by it was a proximate cause of damages allegedly sustained by the Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' alleged injuries and damage were caused by the conduct of a third party or third parties, for which this Defendant is not and was not responsible.

## SIXTH AFFIRMATIVE DEFENSE

Strict liability in a case such as the present one is unconstitutional and contrary to the laws of Massachusetts and the United States.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant made no warranties and if any were made, none was breached.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent any contact between the Plaintiffs and the Defendant took place, same was warranted and was undertaken by the Defendant in self-defense.

## NINTH AFFIRMATIVE DEFENSE

The Defendant pleads defense of others.

## TENTH AFIRMATIVE DEFENSE

The Defendant pleads justifiable defense of property.

## ELEVENTH AFFIRMATIVE DEFENSE

The Defendant pleads justification.

## TWELFTH AFFIRMATIVE DEFENSE

The Defendant states affirmatively that any contact between the Plaintiffs and the Defendant was consensual and that the Plaintiffs instigated any such contact.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs are estopped from making the present claim by their own conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Defendant states that its acts and conduct were performed according to, and protected by, law and/or legal process, and therefore the Plaintiffs cannot recover.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Defendant states that at all relevant times, it acted in good faith and belief that all actions were in accordance with the laws of the Commonwealth of Massachusetts and the United States of America.

## SIXTEENTH AFFIRMATIVE DEFENSE

The actions of the Defendant are entitled to protection by a grant of qualified immunity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Defendant states that it is immune from suit while engaging in discretionary functions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiffs have failed to name individuals or entities who are indispensable to the resolution of this lawsuit

### NINETEENTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiffs have failed to state a claim upon which relief can be granted.

### DEFENDANT, THE RACK, INC., DEMANDS A TRIAL BY JURY AS TO ALL ISSUES

Defendant, The Rack, Inc.,
By its attorney,

*Leonardo Caruso*
Leonardo J. Caruso
BBO #554430
Law Offices of Leonardo J. Caruso
221 Lewis Wharf
Boston, MA 02110
(617) 523-5123

Date: 12/22/03

**CERTIFICATE OF SERVICE**
I, Leonardo J. Caruso, hereby state that a copy of this document was served upon the attorney of record for each party via first class mail on 12/22/03

6