UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03 CV 12485 GAO

IVAN D. CARRASCO and
RAUL CARRASCO,
    Plaintiffs,

v.

THE RACK, INC. and
SEAN GANNON,
    Defendants.

## JOINT PRE-TRIAL MEMORANDUM

1. **SUMMARY OF THE EVIDENCE**

   a. **Plaintiffs' Evidence**

   During the early morning hours of November 31, 2001, Plaintiffs Ivan D. Carrasco and Raul Carrasco, who are brothers and of Dominican descent, were patrons at the Rack in Boston. The Rack contains a dance floor, which was being used by Raul Carrasco. Raul Carrasco began dancing with one of the Rack's female patrons, when a white man shoved Raul Carrasco and demanded to know why he was dancing with her. Raul Carrasco ignored the individual, but was shoved a second time, harder than the first. Raul Carrasco asked the female patron if she was with the white individual, to which she replied in the negative. The white individual then said "you fucking nigger," and struck Raul Carrasco. Plaintiff Ivan Carrasco saw the fight and came to his brother's aid.

   A group of five to six other white patrons joined in the melee and attacked Raul Carrasco. Raul Carrasco broke loose from the mob only to be grabbed by security guards and attacked by Defendant Sean Gannon, a Boston police officer

1

who was working a paid detail at the Rack that night. Officer Gannon slammed Raul Carrasco face-down into a pool table and handcuffed him. A bouncer grabbed Ivan Carrasco and escorted him outside.

Officer Gannon then took Raul Carrasco to the back of the Rack where he and Paul Barclay, general partner of the Rack, physically and verbally abused him and called him various ethnic slurs. Raul Carrasco asked why he was being treated like this and why his attackers were not being arrested, but he was told that his kind was not welcome at the Rack and that he was not permitted to return before being released.

Ivan Carrasco, having been escorted out of the building, was waiting outside the front of the Rack for his brother when he was attacked by the same group of white males. Officer Gannon appeared on the scene and attacked Ivan Carrasco, while the group of white males fled the scene. Instead of making an attempt to apprehend the group of white males, Officer Gannon struck Ivan Carrasco in the back of the head and handcuffed him.

Ivan Carrasco was also released and both he and Raul Carrasco requested an ambulance to take them to a hospital, but their request was refused by Officer Gannon. Ivan and Raul Carrasco then drove themselves to the Boston Medical Center, where they received treatment for their injuries. The incident exacerbated both Ivan and Raul Carrasco's underlying depression and anxiety conditions.

### b.     Defendant Sean Gannon's Evidence

Defendant Sean Gannon expects to prove the following through testimonial evidence:

On November 30, 2001, Defendant Boston Police Officer Sean Gannon ("Officer Gannon") was working a paid detail in uniform at the Rack in Boston. The Rack is an establishment that contains pool tables, bars, and a dance floor. Shortly before closing, Officer Gannon was near the front door of the Rack when someone informed him that there was a fight. Officer Gannon headed towards the back left side of the Rack, at the edge of the dance floor near the pool tables. Officer Gannon observed a person later identified as Plaintiff Ivan Carrasco fighting with two security staff. Officer Gannon used a police academy-taught take-down and, shortly after, heard someone yell. Officer Gannon saw an individual (later identified as Plaintiff Raul Carrasco) holding a pool cue in both hands in an aggressive, cocked position, advancing towards him. Officer Gannon stood up and ordered him to stop. Raul Carrasco was then grabbed by a security guard and, with other security guards, was restrained on a pool table. Officer Gannon approached and handcuffed Raul Carrasco. Together with security staff and Paul Barclay, general partner and manger of the Rack, Officer Gannon escorted Raul Carrasco to the back of the Rack, then went to the dance floor area to see if there were any victims to the fight. Officer Gannon spoke with a member of the security staff, who informed him that one of the Plaintiffs slapped a girl, which led to a fight with her friends. Officer Gannon was told that

the woman who was slapped had already left the Rack.  Officer Gannon returned to the back of the Rack and, with Paul Barclay, escorted Raul Carrasco to the back door, at which point he said that he wanted his jacket.  Security staff went back and returned with the jacket.  Officer Gannon uncuffed the Raul Carrasco, and Mr. Carrasco left.  Prior to having his handcuffs removed, Raul Carrasco said "Not a bad night.  Danced with a few ladies, got a few shots in."

Officer Gannon returned to the middle area of the Rack, when a security staff told him that there was another fight outside.  Officer Gannon ran to the front and saw Ivan Carrasco in a fight with other males.  Officer Gannon approached, with other Rack security, and yelled to break it up.  The males fled, and Officer Gannon used the same police academy-taught take-down on Ivan Carrasco and they landed on the ground.  Officer Gannon handcuffed Ivan Carrasco, who was struggling and angry.  Ivan Carrasco was visibly injured from the fight, and Officer Gannon asked if he wanted medical attention.  Ivan Carrasco said "I don't want a doctor, I want a lawyer."  He said this a few times.  Ivan Carrasco continued to struggle and Officer Gannon tried to calm him down.  At this time Raul Carrasco approached and stood close by.  Officer Gannon asked if Raul Carrasco could calm him down.  Eventually Ivan Carrasco calmed down, and said he wanted to bring charges against the people he had been fighting, but none were there.  Ivan Carrasco was told by someone from the Rack to not come back.  Officer Gannon  uncuffed Ivan Carrasco.  Ivan and Raul Carrasco then left.

### c. Defendant The Rack, Inc.'s Evidence

Defendant The Rack expects to prove the following through testimonial evidence:

At closing time on November 30, 2001, a disturbance broke out on the dance floor. Defendant Boston Police Officer Sean Gannon ("Officer Gannon") and two employees of The Rack ran to The Rack's dance floor in response to a disturbance involving Plaintiffs and some other patron or patrons. According to witnesses, Plaintiff Raul Carrasco had slapped a female patron who had refused to dance with him and some family members that were with her came to her defense. The incident broke up within seconds.

Officer Gannon was working a paid detail in uniform at the time. The Rack is an establishment that contains pool tables, bars, and a dance floor. Officer Gannon ran from the front entrance to the dance floor area and was confronted by Plaintiff Raul Carrasco holding a pool cue in both hands in an aggressive, cocked position in front of him. Officer Gannon ordered him to stop and Raul Carrasco ultimately complied. In the presence of Arthur Prince -- one of The Rack security Personnel -- and Paul Barclay -- The Rack general partner -- Raul Carrasco was handcuffed by Officer Gannon. Together with security staff and Paul Barclay, Officer Gannon escorted Raul Carrasco to the back of the Rack. In the meantime, Arthur Prince escorted Plaintiff Ivan Carrasco from the dance floor area out the front door. Officer Gannon then went to the dance floor area to see if there were any victims to the disturbance. Officer Gannon was told that the woman who was slapped had already left the Rack. Officer Gannon returned to

the back of the Rack and, with Paul Barclay, escorted Raul Carrasco to the back door, at which point Raul Carrasco said that he wanted his jacket. Security staff went back and returned with the jacket. Plaintiff Raul Carrasco apologized for causing any problems. He seemed in a good mood and did not appear to be injured and never claimed to have been injured while on the premises. Officer Gannon uncuffed Raul Carrasco, and Mr. Carrasco left. Prior to having his handcuffs removed, Raul Carrasco said "Not a bad night; met a few ladies, got a few punches in." Paul Barclay told Raul Carrasco that he was lucky that he had not been arrested and not to return. This was said given his belligerent attitude and conduct and would have been said to anyone who behaved in the same way.

Officer Gannon and Paul Barclay returned to the middle area of the Rack, when a security staff member told them that there was a disturbance outside. Officer Gannon ran and Paul Barclay followed some distance behind him to the front patio area outside of The Rack. One of The Rack managers said that Ivan Carrasco charged two of the male patrons who had come to the defense of the woman who had been slapped by Raul Carrasco. Keith LaBonte, one of The Rack managers, tried to separate the three patrons. Officer Gannon approached, with other Rack security, and yelled to break it up. The two unidentified male patrons fled, leaving LaBonte and Ivan Carrasco in a bear hug. Somehow they lost their footing and went down together to the ground.

Officer Gannon handcuffed Ivan Carrasco, who was struggling and angry. Ivan Carrasco was visibly injured from the fight, though minimally, manifesting

6

only a small amount of blood on his upper lip or tooth. Officer Gannon asked if he wanted medical attention. Ivan Carrasco said "I don't want a doctor, I want a lawyer." He said this a few times. Ivan Carrasco continued to struggle and Officer Gannon tried to calm him down. At this time Raul Carrasco approached and stood close by. Officer Gannon asked if Raul Carrasco could calm him down. Eventually Ivan Carrasco calmed down, and said he wanted to bring charges against the people he had been fighting, but none were there. Officer Gannon un-cuffed Ivan Carrasco. Ivan and Raul Carrasco then left on foot. Shortly thereafter, they were seen in an automobile, circled The Rack several times, and then disappeared.

   **2. AGREED UPON FACTS**

   a.   Ivan and Raul Carrasco were patrons of the Rack on November 30, 2001.

   b.   While in the Rack, Raul Carrasco was involved in an altercation with other males.

   c.   While in the Rack, Raul Carrasco picked up a pool stick.

   d.   While in the Rack, Raul Carrasco was handcuffed by Defendant Gannon.

   e.   While in the Rack, Raul Carrasco was escorted to the back of the establishment by Defendant Gannon and Paul Barclay.

   f.   Raul Carrasco was uncuffed by Defendant Gannon.

   g.   Outside of the Rack, Ivan Carrasco had an altercation with other males.

7

  h.  Outside of the Rack, Ivan Carrasco was handcuffed by Defendant Gannon.

  i.  Outside of the Rack, Ivan Carrasco was uncuffed by Defendant Gannon.

  j.  On November 30, 2001, Ivan Carrasco was injured.

## 3. CONTESTED FACTS

  a.  Shortly before the incident, Raul Carrasco was dancing with one of the Rack's female patrons without objection, when he was approached by a white man who shoved him and demanded to know why he was dancing with her.

  b.  Raul Carrasco asked the female patron if she was with the white individual, to which she replied in the negative. The white individual then said "you fucking nigger," and struck Raul Carrasco. Plaintiff Ivan Carrasco saw the fight and came to his brother's aid.

  c.  During the altercation, Raul Carrasco was grabbed by the Rack's security guards and slammed face-down into a pool table by Officer Gannon.

  d.  A bouncer grabbed Ivan Carrasco and escorted him outside.

  e.  While Officer Gannon had Raul Carrasco in back of the Rack, Officer Gannon physically and verbally abused him and called him various ethnic slurs.

  f.  Raul Carrasco asked both Officer Gannon and Paul Barclay why he was being treated like this and why his attackers were not being arrested, but he

8

was told that his kind was not welcome at the Rack and that he was not permitted to return before being released.

    g.    Outside the front of the Rack, Officer Gannon struck Ivan Carrasco in the back of the head before handcuffing him.

    h.    Ivan and Raul Carrasco requested an ambulance to take them to a hospital, but their request was refused by Officer Gannon.

    i.    On November 30, 2001, Raul Carrasco was injured.

    j.    Officer Gannon saw Raul Carrasco holding a pool cue in both hands in an aggressive, cocked position, advancing towards him.

    k.    Raul Carrasco was grabbed by a security guard and, with other security guards, was restrained on a pool table.

    l.    With others, Officer Gannon escorted Raul Carrasco to the back of the Rack, then went to the dance floor area to see if there were any victims to the fight.

    m.    Officer Gannon spoke with a member of the security staff, who informed him that one of the Plaintiffs slapped a girl, which led to a fight with her friends. Officer Gannon was told that the woman who was slapped had already left the Rack.

    n.    Prior to having his handcuffs removed, Raul Carrasco said "Not a bad night. Danced with a few ladies, got a few shots in."

o.   After releasing Raul Carrasco, Officer Gannon ran to the front of the Rack and saw Ivan Carrasco in a fight with other males. Officer Gannon perceived Ivan Carrasco to be the aggressor.

p.   Officer Gannon handcuffed Ivan Carrasco, who was struggling and angry.

q.   Officer Gannon asked if he wanted medical attention. Ivan Carrasco said "I don't want a doctor, I want a lawyer." He said this a few times.

r.   Raul Carrasco did not appear to be injured and never claimed to have been injured while on the premises.

4. **JURISDICTIONAL QUESTIONS**

None.

5. **QUESTIONS RAISED BY PENDING MOTIONS**

None.

6. **ISSUES OF LAW**

Issues of law include a determination of Officer Gannon's liability pursuant to 42 U.S.C. § 1983, G.L. c. 12, § 11I and common law intentional infliction of emotional distress.

Also to be determined is the liability of the Rack for negligently hiring and training Officer Gannon and its vicarious liability for intentional infliction of emotional distress, as well as vicarious liability for violations of G.L. c. 12, § 11I by Officer Gannon. *See Sarvis v. Boston Safe Deposit and Trust Co.*, 47

10

Mass.App.Ct. 86, 97, 711 N.E.2d 911 (1999); *cf. Chaabouni v. City of Boston*, 133 F.Supp.2d 93, 103 (D. Mass. 2001).

7. **REQUESTED AMENDMENTS TO THE PLEADINGS**

There are no requested amendments to the pleading by any party at this time.

8. **ADDITIONAL MATTERS IN AID OF DISPOSITION**

None.

9. **PROBABLE LENGTH OF TRIAL**

The parties estimate that the trial will require approximately 3-4 days.

10. **NAMES AND ADDRESSES OF WITNESSES**

    a.   **Plaintiffs' Witnesses**

Ivan Carrasco
433 Beach Street
Hampton Falls, NH 03844
(603) 624-4520

Raul Carrasco
214 Bremer Street, Apt. 1
Manchester, NH 03102
(603) 232-1014

Sean Gannon
Area C-6
1 West Broadway
South Boston, MA 02127-1017
(617) 343-4730

Paul Barclay
59 Forest Street
Manchester, NH 01944
(617) 725-1051

Plaintiffs reserve the right to supplement this list and to call any of the witnesses listed by Defendants.

11

**b.     Defendant Sean Gannon's Witnesses**

Sean Gannon
Area C-6
1 West Broadway
South Boston, MA 02127-1017
(617) 343-4730

Paul Barclay
59 Forest Street
Manchester, MA 01944
(617) 725-1051 (business)

Arthur Prince[1]
c/o The Rack
20 Clinton Street
Boston, MA 02109
(617) 725-1051

Defendant Sean Gannon reserves the right to supplement this list and to call any of the witnesses listed by Plaintiff and/or co-Defendant The Rack Inc.

**c.     Defendant The Rack, Inc.'s Witnesses**

Sean Gannon
Area C-6
1 West Broadway
South Boston, MA 02127-1017
(617) 343-4730

Paul Barclay
59 Forest Street
Manchester, MA 01944
(617) 725-1051 (business)

Arthur Prince[2]
c/o The Rack

---

[1] Defendant Sean Gannon is currently attempting to obtain a residential address and phone number for Arthur Prince and will supplement this Memorandum accordingly.
[2] Defendant The Rack is currently attempting to obtain a residential address and phone number for Arthur Prince and will supplement this Memorandum accordingly.

20 Clinton Street
Boston, MA 02109
(617) 725-1051

David Sutton
170 Rock Road
Melrose, MA
617-665-7881

Defendant The Rack reserves the right to supplement this list and to call any of the witnesses listed by Plaintiff and/or co-Defendant Sean Gannon.

11. **PROPOSED EXHIBITS**

   a. **Plaintiffs' Proposed Exhibits**

Plaintiffs intend to introduce the following exhibits and reserve their right to introduce as exhibits other documents and things identified in any pleading in this case:

   i. Photographs of Ivan and Raul Carrasco depicting injuries sustained after the incident at the Rack on November 31, 2001;

   ii. Medical records of Boston Medical Center generated from the care and treatment of Ivan and Raul Carrasco on November 31, 2001; and

   iii. Medical bills of Boston Medical Center arising from the care and treatment of Ivan and Raul Carrasco on November 31, 2001.

Plaintiffs reserve the right to supplement this list.

   b. **Defendant Sean Gannon's Proposed Exhibits**

Defendant Sean Gannon intends to introduce the following as exhibits and reserves his right to introduce as exhibits other documents and things identified in his Production of Documents Identified in Automatic Disclosure Under Local Rule 26(A) and 26(B), and any subsequent pleadings:

13

    i.    Photographs of the Rack taken by Boston Police Department's Internal Affairs and contained at pp. 70-73 of Defendant Gannon's *Production of Documents Identified in Automatic Disclosure Under Local Rule 26(A) and 26(B)*;

    ii.    Documents pertaining to Ivan Carrasco's application for Social Security benefits, including medical records and reports (currently under pending subpoena); and

    iii.    Documents pertaining to Raul Carrasco's application for Social Security benefits, including medical records and reports (currently under pending subpoena).

    iv.    Correctional Medical Services medical records for Ivan Carrasco, 2001-2002.

    v.    Correctional Healthcare Solutions, Inc. medical records for Ivan Carrasco, 1999.

    vi.    Any admissible records of convictions pertaining to Plaintiff Ivan Carrasco, as yet to be determined upon inspection of CORI records pursuant to order of this court; and

    vii.    Any admissible records of convictions pertaining to Plaintiff Raul Carrasco, as yet to be determined upon inspection of CORI records pursuant to order of this court.

Defendant Sean Gannon reserves the right to supplement this list.

    **c.**    **Defendant The Rack, Inc.'s Proposed Exhibits**

Defendant The Rack intends to introduce the following as exhibits and reserves its right to introduce as exhibits other documents and things identified in its *Production of Documents Identified in Automatic Disclosure Under Local Rule 26(A.)*

i. Photographs of the Rack taken by Boston Police Department's Internal Affairs and contained at pp. 70-73 of Defendant Gannon's Production of Documents Identified in Automatic Disclosure Under Local Rule 26(A) and 26(B);

ii. Documents pertaining to Ivan Carrasco's application for Social Security benefits, including medical records and reports (currently under pending subpoena);

iii. Documents pertaining to Raul Carrasco's application for Social Security benefits, including medical records and reports (currently under pending subpoena);

iv. Any admissible records of convictions pertaining to Plaintiff Ivan Carrasco, as yet to be determined upon inspection of CORI records pursuant to order of this court; and

v. Any admissible records of convictions pertaining to Plaintiff Raul Carrasco, as yet to be determined upon inspection of CORI records pursuant to order of this court.

vi. Correctional Medical Services medical records for Ivan Carrasco, 2001-2002.

    vii.    Correctional Healthcare Solutions, Inc. medical records for Ivan Carrasco, 1999.

Defendant The Rack reserves the right to supplement this list.

12. **OBJECTIONS TO EVIDENCE**

Plaintiff and Defendants reserve the right to supplement their objections to the proposed exhibits.

Respectfully Submitted,
PLAINTIFFS IVAN D. CARRASCO
and RAUL CARRASCO
By their attorney:

 /s/ Robert H. Flynn_____
Robert H. Flynn
Flynn Law Firm, PC
27 Mica Lane
Wellesley, MA  02481
(781) 239-1005
BBO# 172900

DEFENDANT, SEAN GANNON
Merita A. Hopkins
Corporation Counsel
By his attorney:

/s/ Stephen G. Cox
_____
Stephen G. Cox
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4064
BBO# 566943

DEFENDANT, THE RACK, INC.
By its attorney:

/s/ Leonardo J. Caruso
_____
Leonardo J. Caruso BBO# 554430
Law Offices of Leonardo J. Caruso
221 Lewis Wharf
Boston, MA 02110
(617) 523-5529