UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03 CV 12485 GAO

IVAN D. CARRASCO and
RAUL CARRASCO,
    Plaintiffs

v.

THE RACK, INC. and
SEAN GANNON
    Defendants

**DEFENDANT SEAN GANNON'S MOTION IN LIMINE
TO PRECLUDE TESTIMONY PERTAINING TO ANY ALLEGED USE OF THE
WORD "NIGGER" BY NON-DEFENDANTS**

Now comes the Defendant Sean Gannon and requests this Honorable Court to exclude from reference, testimony or other evidence, comments regarding any alleged use of the word "nigger" by non-defendants on the night of November 30, 2001.

As grounds therefore, Defendant Gannon states that any such reference, testimony, or evidence is irrelevant to the issues presented in this case against either him or Defendant the Rack, Inc.  Neither Sean Gannon nor any employee of the Rack is accused of using such language.  Even if relevant to this case, any such references, testimony, or other evidence is more prejudicial than probative because the individuals who allegedly used such language are unidentified.  The Defendants in this case thus have no way to challenge whether the epithet was, in fact, actually used.

**I.    ARGUMENT**

**A.    Per Fed. R. Evid 402, References, Testimony, and Other Evidence Pertaining to Alleged Use of the Word "Nigger" Are Irrelevant To The Issues In The Present Case.**

1

This is an action against the Defendants alleging violations of 42 U.S.C. §1983 and the Massachusetts Civil Rights Act, M.G.L. c.12, §11I, as well as claims of negligence against the Rack and intentional infliction of emotional distress against both Defendants. Defendant Gannon anticipates that the Plaintiffs will attempt to offer into evidence or make reference the use of the word "nigger" by unidentified, non-defendant patrons of the Rack. Specifically, Plaintiff Raul Carrasco alleges that he began dancing with one of the Rack's female patrons, when a white man shoved him twice and demanded to know why he was dancing with her. Raul Carrasco claims he asked the female patron if she was with the white individual, to which she replied in the negative. The white individual then said "you fucking nigger," and struck Raul Carrasco.

Federal Rule of Evidence 402 states "evidence which is not relevant is not admissible." Relevant evidence means "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable than it would be without the evidence." Bowden v. McKenna, 600 F.2d 282, 284 (1st Cir. 1979). Moreover, use of such inflammatory evidence must be sufficiently great in relevance to overcome the danger, detailed below, of unfair prejudice to the Defendants. See Fowler v. Transit Supervisors Organization, 2000 U.S. Dist. LEXIS 17452, at * 45 (S.D.N.Y. 2000).

Here, any reference to alleged use of the word "nigger" by unidentified patrons of the Rack is not sufficiently relevant to these Defendants. There is no allegation that Defendant Sean Gannon used such language, or that he was even in the vicinity when it was said. Similarly, there is no allegation that any employee of Defendant the Rack used such language.

Such a comment has no tendency at all to prove the Plaintiffs' claims against the Defendants under 42 U.S.C. §1983 or M.G.L. c.12, §11I, nor the claims of negligence and intentional infliction of emotional distress. Evidence of such a comment is thus irrelevant and not admissible.

B. **Even If Such References, Testimony, and Other Evidence Are Relevant to this Case, They Are Highly Prejudicial to the Defendants.**

Even if alleged use of the word "nigger" by patrons of the Rack was relevant to Plaintiffs' claims against the Defendants in this case, references to such an epithet should be excluded because the word's prejudicial value outweighs any probative effect. Pursuant to Fed. R. Civ. P. 403, although evidence may be relevant, it can be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.

References, testimony, and other evidence regarding alleged use of the word "nigger" by unidentified patrons of the Rack would be unfairly prejudicial to the Defendants. Use of the word is highly inflammatory and unfairly prejudicial. See Fowler, 2000 U.S. Dist. LEXIS 17452, at *45. Since there is no allegation or evidence that Defendant Sean Gannon or any employee of the Rack used the word, unfair prejudice would result to the Defendants if it is allowed into evidence through testimony. Moreover, the individuals who allegedly used such language are unidentified. The Defendants in this case thus have no way to challenge whether the epithet was, in fact, actually used.

III. **CONCLUSION**

Based on the foregoing argument, the Court should allow Defendant Sean Gannon's Motion and exclude any reference, testimony, or other evidence pertaining to the alleged use of the highly inflammatory and unfairly prejudicial word "nigger" by unidentified, non-defendant patrons of the Rack on the night of November 30, 2001.

Respectfully Submitted,

DEFENDANT, SEAN GANNON
Merita A. Hopkins
Corporation Counsel
By his attorneys:

S/ Stephen G. Cox

_____
Stephen G. Cox  BBO# 566943
Tsuyoshi Fukuda  BBO# 648739
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4064 (SGC)
(617) 635-4038 (TF)