UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   03 CV 12485 GAO

IVAN D. CARRASCO and
RAUL CARRASCO,
    Plaintiffs

v.

THE RACK, INC. and
SEAN GANNON
    Defendants

### DEFENDANT SEAN GANNON'S MOTION IN LIMINE TO EXCLUDE SUSTAINED PORTION OF INTERNAL AFFAIRS DEPARTMENT ASSESSMENT

Now comes the Defendant Sean Gannon and requests this Honorable Court to exclude from evidence the sustained portion of the Boston Police Internal Affairs Department's Assessment (Case # 114-02) of the Defendant's actions regarding the November 30, 2001 incident.

As grounds for its motion, the Defendant Gannon states that this portion of the IAD assessment is not relevant to the allegations in the Plaintiffs' complaint. Fed.R.Evid. 401 and 402.  Relevant evidence means "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable than it would be without the evidence."  Bowden v. McKenna, 600 F.2d 282, 284 (1st Cir. 1979).

In their IAD complaint, the Plaintiffs alleged that Gannon violated Rule 102, §4 (Neglect of Duty), Rule 102, § 35 (Conformance to Laws), and Rule 326, §4 (Viol. Inside/Abutting Lic. Prem.).  After investigation, IAD found that Gannon used "reasonable judgment in his decision to handcuff a suspect until his safety and patrons

1

safety was assured and that he did use reasonable judgment in the offering of medical attention as corroborated by witnesses." (IAD assessment)   Based on this investigation, IAD exonerated Gannon of the alleged violation of Rule 102, §4.  Id.  Regarding the alleged violation of Rule 102, §35, after investigation, IAD found that based on its interviews, "all witnesses categorically denied that Officer Gannon punched or beat Raul Carrasco or Ivan Carrasco."  Id.  Thus, IAD found that the Plaintiffs' allegations of Rule 102, §35 was unfounded.  Regarding Rule 326, §4, IAD found that Gannon violated this Rule by not filing an incident report and not notifying a patrol supervisor.  Id.  Thus, IAD sustained the Plaintiffs' allegation that Gannon violated Rule 326, §4.  Id.

  The Defendant Gannon argues that this sustained portion of the IAD assessment is not relevant and, thus, not admissible evidence at trial.  Fed.R.Evid. 401 and 402.  In his complaint, the Plaintiffs allege violations of his civil rights pursuant to §1983 and the Massachusetts Civil Rights Act for Defendant Gannon's alleged use of excessive force.  (Plaintiffs' complaint)  The failure to file an incident report and notify a patrol supervisor at the time of the incident has nothing to do with these allegations and, therefore, is irrelevant and inadmissible.  Fed.R.Evid. 401 and 402.

  In the alternative, if the court deems that IAD's sustained assessment regarding Rule 326, §4 is relevant and admissible, Defendant Gannon argues that it would be highly and unfairly prejudicial to allow the evidence of the sustained assessment without the allowance of IAD's two more relevant findings of exonerated and unfounded regarding the alleged violations of Rule 102, §4 and Rule 102, §35, respectively.  Fed.R.Evid. 403.

  For the forgoing reasons, Defendant Sean Gannon respectfully requests that this Court grant his Motion in Limine and exclude the introduction of the sustained portion of

2

IAD's assessment, or in the alternative, allow all three portions of IAD's assessment, including the sustained portion and the exonerated and unfounded portions of the assessment.

                                                Respectfully Submitted,

                                                DEFENDANT, SEAN GANNON
                                                Merita A. Hopkins
                                                Corporation Counsel
                                                By his attorneys:

                                                S/ Tsuyoshi Fukuda
                                                _____
                                                Stephen G. Cox  BBO# 566943
                                                Tsuyoshi Fukuda  BBO# 648739
                                                Assistant Corporation Counsel
                                                City of Boston Law Department
                                                Room 615, City Hall
                                                Boston, MA 02201
                                                (617) 635-4064 (SGC)
                                                (617) 635-4038 (TF)