*(General – Credibility)*

If you find that a witness has testified falsely as to a portion of his or her testimony, you may take this into account in determining the credibility of the remainder of his or her testimony and you may reject all the testimony. <u>Ducharme v. Holyoke S.R. Co.</u>, 203 Mass. 384, 397, 89 N.E. 561 (1909).

*(Burden of Proof)*

The burden of proof is on the Plaintiffs in a civil action, such as this one, to prove each and every essential element of every claim by a preponderance of the evidence. If the evidence is equally balanced as to any of the essential elements of the Plaintiffs' claims, then you must find for the Defendant. Greenbelt Cooperative Publ. Assoc. v. Bresher, 398 U.S. 6, 19 (1970) (White, J., concurring); Borelli v. Top Value Enterprises, 356 Mass. 110, 113 (1969).

*(Burden of Proof - §1983)*

In a Section 1983 civil rights action, such as this one, the burden of proof is on the Plaintiffs to "prove by a preponderance of the evidence that he… was deprived of a right secured by the Constitution by a person acting under the color of state law." <u>Tatro v. Kervin</u>, 41 F.3d 9,14 (1st. Cir. 1994) (citing <u>Pittsley v. Warish</u>, 927 F.2d 3, 6 (1st Cir.), <u>cert.</u> <u>denied</u>, 502 U.S. 879 (1991); <u>Fernandez v. Rapone</u>, 926 F. Supp. 255, 260 (D. Mass. 1996).  In the present case, the Plaintiffs must prove by a preponderance of the evidence that the Defendant police officer violated his Fourth Amendment rights and state civil rights by using excessive force.  <u>Tatro</u>, 41 F.3d at 14.  If the evidence is equally balanced as to any of the essential elements of the Plaintiff's' claims, then you must find for the Defendant police officer.  <u>Greenbelt Cooperative Publ. Assoc. v. Bresher</u>, 398 U.S. 6, 19 (1970) (White, J., concurring); <u>Borelli v. Top Value Enterprises</u>, 356 Mass. 110, 113 (1969).

*(Constitutional Violation - §1983)*

In any case brought under §1983, the first inquiry must be "whether the plaintiff has been deprived of a right 'secured by the constitution and laws'" of the United States. Willhauck v. Halpin, 953 F.2d 689, 703 (1st Cir. 1991); Baker v. McCollan, 443 U.S. 137 (1979). The question for the Court is whether the allegations of the complaint describe a "constitutional tort actionable under §1983". Polk County v. Dodson, 454 U.S. 312, 326 (1981).

SEAN GANNON'S REQUESTED JURY INSTRUCTIONS

*(Constitutional Violation - §1983)*

Not every tort allegedly committed by a public employee rises to the level of a Constitutional violation.  Martinez v. California, 444 U.S. 277, 281 (1980);  Parratt v. Taylor, 451 U.S. 527, 544 (1981);  Baker v. McCollan, 443 U.S. 137, 146 (1979); Furtado v. Bishop, 604 F.2d 80, 95 (1st Cir. 1979).

(*Constitutional Violation - §1983 - Excessive Force*)

Although any unjustified, intentional and unpermitted touching is a battery, under state law, it is not a violation of a constitutional right actionable under 42 U.S.C. §1983. Every push and shove does not amount to a constitutional violation.  See Paul v. Davis, 424 U.S. 693, 699-701 (1976); Bibbo v. Mulhern, 621 F. Supp. 1018, 1023-1024 (D. Mass. 1985); Barber v. Guay, 910 F. Supp 790, 800 (D. Maine 1995); Meredith v. State of Arizona, 523 F.2d 481, 483 (9th Cir. 1975); O'Grady v. City of Montpelier, 573 F.2d 747, 751 (2d Cir. 1978); Johnson v. Glick, 481 F.2d 1028, 1033, cert. denied, sub nom., John v. Johnson, 414 U.S. 1033 (1973).

*(Constitutional Violation - §1983 - Excessive Force - Reasonableness)*

All claims that law enforcement officers have used excessive force - deadly or not - in the course of an arrest, investigatory stop, or other seizure of the free citizen is analyzed under the Fourth Amendment and its reasonableness standard.  Graham v. Connor, 490 U.S. 386, 395 (1989).

*(Constitutional Violation - §1983 - Excessive Force - Reasonableness)*

The "reasonableness" inquiry in an excessive force case is an objective one:  the question is whether the police officer's actions are "objectively reasonable" in light of the facts and circumstances confronting him at that time.  This question should be answered without regard to the officer's underlying intent or motivation.  <u>Roy v. Inhabitants of City of Lewiston,</u> 42 F.3d 691, 695 (1st Cir. 1994); <u>Fernandez v. Leonard</u>, 963 F.2d 459, 467 (1st Cir. 1992); <u>Dean v. City of Worcester</u>, 924 F.2d 364, 368 (1st Cir. 1991); <u>Gaudreault v. Municipality of Salem, Mass.</u>, 923 F.2d 203, 205 (1st Cir.), <u>cert.</u> <u>denied</u>, 500 U.S. 956 (1990); <u>Graham v. Connor</u>, 490 U.S. 386, 397 (1989).

*(Constitutional Violation - §1983 - Excessive Force - Reasonableness)*

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable police officer on the scene, rather than with the 20/20 vision of hindsight. With respect to a claim of excessive force, the standard of reasonableness at the moment applies. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation. <u>Roy v. Inhabitants of City of Lewiston</u>, 42 F.3d 691, 695 (1st Cir. 1994); <u>Fernandez v. Leonard</u>, 963 F.2d 459, 467 (1st Cir. 1992); <u>Dean v. City of Worcester</u>, 924 F.2d 364, 368 (1st Cir. 1991); <u>Gaudreault v. Municipality of Salem, Mass.</u>, 923 F.2d 203, 205 (1st Cir. 1990); <u>Graham v. Connor</u>, 490 U.S. 386, 396-397 (1989).

*(Constitutional Violation - §1983 - Excessive Force - Reasonableness)*

The determination as to whether the force used by the officers was an unconstitutional use of excessive force involves a consideration of all the circumstances, including the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, and whether the force was applied in a good faith effort to maintain discipline, or maliciously for the very purpose of causing harm. Hathaway v. Stone, 687 F. Supp. 708, 712 (D. Mass. 1998), citing Landrigan v. City of Warwick, 628 F.2d 736, 741-42 (1st Cir. 1980); Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973); Bibbo v. Mulhern, 621 F. Supp. 1018, 1024 (D. Mass. 1985); Meola v. Machado, 602 F. Supp. 3, 6 (D. Mass. 1984).

The police are entitled to take reasonable precautions for their protection. Whether the force used by the police is justified depends upon the extent of the danger at the time force is used. "Police officers are not required to gamble with their personal safety". Rose v. Town of Concord, 971 F. Supp. 47, 51 n.4 (D. Mass. 1997) citing Commonwealth v. Robbins, 407 Mass. 147, 152, 552 N.E.2d 77 (1990).

*(Constitutional Violation - §1983 - Excessive Force - Reasonableness)*

The test of reasonableness in an excessive force case requires careful attention to the facts and circumstances of each particular case, including the nature and severity of the crime at issue and whether the Plaintiff poses an immediate threat to the safety of the officer or others. <u>Fernandez v. Leonard</u>, 963 F.2d 459, 467 (1st Cir. 1992); <u>Dean v. City of Worcester</u>, 924 F.2d 364, 368 (1st Cir. 1991); <u>Gaudreault v. Municipality of Salem, Mass.</u>, 923 F.2d 203, 205 (1st Cir. 1990), <u>cert</u>. <u>denied</u>, 500 U.S. 956 (1990); <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989).

There is no liability for conduct that is "at least arguably justified." <u>Floyd v. Farrell</u>, 765 F.2d 1, 5 (1st Cir. 1985).

*(Constitutional Violation - §1983 - Excessive Force – Severity of Injuries)*

The severity of Plaintiff's injury may be considered in evaluating his claim of excessive force against the Defendant.  While the nature of Plaintiff's alleged injuries is one of a number of factors for you to consider in evaluating his excessive force claim, the reasonableness of the force used may be confirmed by compelling evidence that Plaintiff's alleged injuries were minor.  Plaintiff's claim of excessive force may fail not because minor injuries are per se insufficient, but because they are insufficient to trigger an inference of excessive force in the context of Plaintiff's arrest:  the tense, uncertain, and rapidly evolving circumstances.  <u>Bastien v. Goddard</u>, 279 F.3d 10, 14 (1st Cir. 2002); <u>Dean v. City of Worcester</u>, 924 F.2d 364, 369 (1st Cir. 1991).

*(Constitutional Violation - MCRA)*

The Massachusetts Civil Rights Act, M.G.L. c.12, §11I and 42 U.S.C. §1983 are parallel statutes. Thus, the analysis for MCRA is similar to §1983 analysis. A person states a claim under §11I upon showing: (1) threats, intimidation or coercion that (2) lead to violation of a federal or Commonwealth constitutional right or statutory provision. Like §1983, the MCRA requires an actual deprivation of constitutional rights. Therrien v. Hamilton, 849 F.Supp. 110, 115 (D.Mass. 1994); Lyons v. National Car Rental Systems, Inc. (of Delaware), 30 F.3d 240, 246 (1st Cir. 1994); Biggins v. Hazen Paper Co., 953 F.2d 1405, 1425 (1st. Cir 1992), cert. denied 505 U.S. 1222 (1992).

*(Constitutional Violation - MCRA - Elements)*

The elements or standards that are needed to prove a violation of federal law are the same under the Massachusetts civil rights law. However, under the Massachusetts civil rights law, the Plaintiffs in this case have one additional element they must prove. It's the same civil rights that are at issue, but the alleged denial of the Plaintiffs' civil rights by the Defendant has to be accomplished by threats, coercion, or intimidation. A threat simply means saying or gesturing, in effect, if you don't do this, then something will happen to you. Coercion is making someone do something they are unwilling to do. Intimidation is scaring them into doing something or refraining from doing something that otherwise they would do. If you find threats, coercion, or intimidation, by physical confrontation or contact, and then find as a natural consequence of the threats, coercion and intimidation that the Plaintiffs were deprived of any of the civil rights I've talked about, then they have proven a violation of the Massachusetts civil rights statute. See Bell v. Mazza, 394 Mass. 176 (1985); Murphy v. Town of Duxbury, 40 Mass. App. Ct. 513, 518 (1996); Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass 467, 476, n.9 (1994)

*(Constitutional Violation - MCRA)*

Not every violation of law is a violation of the State Civil Rights Act. A direct violation of person's rights does not by itself involve threats, intimidation, or coercion and thus, does not implicate the Act. Conduct, even unlawful conduct, does not invoke the Act when all it does is take someone's rights away directly. Only if the direct action also included threats, intimidation or coercion of a particular individual or individuals may liability under MCRA be established, if such threats, intimidation or coercion interfered with that individual's exercise or enjoyment of rights secured by law. <u>Planned Parenthood League of Massachusetts, Inc. v. Blake</u>, 417 Mass. 467, 473 (1994); <u>Longval v. Commissioner of Correction,</u> 404 Mass. 325, 333 (1989); <u>Pheasant Ridge Assocs. Ltd. Partnership v. Burlington</u>, 399 Mass. 771, 781 (1987); <u>Layne v. Superintendent, Massachusetts Correctional Institution, Cedar Junction,</u> 406 Mass. 156, 158 (1989).

*(Intentional Infliction Of Emotional Distress – Elements)*

To prove a claim for Intentional Infliction of Emotion Distress, the Plaintiffs must show that a Defendant: (1) intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the Defendant's conduct was 'extreme and outrageous' and was 'beyond all possible bounds of decency' and was 'utterly intolerable in a civilized community;' (3) that the Defendant's actions were the cause of the Plaintiffs' distress; <u>and</u> (4) that the emotional distress sustained by the Plaintiffs was 'severe' and of a nature that no reasonable [person] could be expected to endure it.  <u>Doyle v. Hasbro Inc.,</u> 103 F.3d 186, 195 (1st Cir. 1996) (citing <u>Agis v. Howard Johnson Co.,</u> 371 Mass. 140, 145 (1976)).

*(Intentional Infliction of Emotional Distress)*

Liability for Intentional Infliction of Emotional Distress cannot be based on mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.  It is also not enough that a Defendant may have acted with an intent which is tortious or even criminal, or that he may have intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the Plaintiffs to punitive damages for another tort.  Liability must instead be found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  <u>Foley v. Polaroid</u>, 400 Mass. 82, 99-100  (1987).

*(Proximate Cause)*

For a Defendant to be liable for damages, the Plaintiffs have the burden of proving by a preponderance of the evidence that whatever injury they suffered was proximately caused by the conduct of the Defendant.  That is, you cannot find that a Defendant violated the Plaintiff's' constitutional rights unless you find that there is a sufficient causal connection between a Defendants' acts and the Plaintiff's' alleged injury. To determine whether there is proximate cause, you must determine whether there is an affirmative link between a Defendants' acts and the alleged injury.  <u>Fernandez v. Chardon</u>, 681 F.2d 42, 55 (1st Cir. 1982), <u>aff'd</u> <u>Chardon v. Soto</u>, 462 U.S. 650 (1983); <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976).

SEAN GANNON'S REQUESTED JURY INSTRUCTIONS

*(Damages - Compensatory)*

If you find that the Plaintiffs' rights were violated, you can award compensatory

damages only if you find actual injury caused by the constitutional deprivations.  Davet v.

Maccarone, 973 F.2d 22, 29 (1st Cir. 1992); Carey v. Piphus, 435 U.S. 247, 264 (1978).

*(Damages - Compensatory)*

Compensatory damages are designed to provide compensation for the injury caused to Plaintiffs by a Defendant's breach of duty; damages grounded in determinations of Plaintiffs' actual losses.  No compensatory damages lie for violation of a constitutional right absent proof of actual injury.  Damages based on the abstract "value" or "importance" of constitutional rights are not a permissible element of compensatory damages in such cases.  <u>Memphis Community School Dist. v. Stachura</u>, 477 U.S. 299, 306-308, (1986).

*(Damages - Mental Distress)*

A claim of mental suffering should not result in a windfall to the Plaintiffs.

Damages for mental distress are only available where there is actual proof of objectively

recognizable damages.  This standard requires the showing of "medically cognizable

psychological distress" caused by a Defendant's conduct.  Plaintiffs are not entitled to

damages for mental distress where their testimony of "psychological discomfort" is not

corroborated.  <u>Perez v. Rodriguez Bou</u>,  575 F.2d 21, 25 (1st Cir. 1978); <u>Carey v. Piphus</u>,

435 U.S. 247, 264 (1978).