UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03 CV 12485 GAO

IVAN D. CARRASCO and
RAUL CARRASCO,
    Plaintiffs

v.

SEAN GANNON
    Defendant

**DEFENDANT SEAN GANNON'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE PROHIBITING THE USE OF PLAINTIFFS' CRIMINAL RECORD**

The Defendant Sean Gannon opposes the Plaintiffs' Motion in Limine prohibiting the introduction of his criminal record because evidence of prior felony convictions is admissible pursuant to FED. R. EVID. 609 and 403.

The Defendant Sean Gannon wishes to introduce the following evidence of the Plaintiffs' prior felony convictions:

1) Plaintiff Raul Carrasco's **September 22, 1998** felony conviction for **Possession Class D With Intent To Distribute**;
2) Plaintiff Ivan Carrasco's **March 21, 2001** felony conviction for **Resisting Arrest**;
3) Plaintiff Ivan Carrasco's **May 02, 2002** felony conviction for **Resisting Arrest**;
4) Plaintiff Ivan Carrasco's **May 02, 2002** felony conviction for **Assault & Battery**;
5) Plaintiff Ivan Carrasco's **May 02, 2002** felony conviction for **Assault & Battery with a Dangerous Weapon**; and
6) Plaintiff Ivan Carrasco's **May 02, 2002** felony conviction for **Violation of Protective Order c.209A, §4**.

FED. R. EVID. 609 provides in pertinent part:

(a) General rule. For the purpose of attacking the credibility of a witness,

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall

1

> be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

The language of the Rule itself allows the court to admit prior felony convictions if the probative value of the convictions outweighs the prejudicial effect of the evidence. In the case at bar, the probative value of the plaintiffs' felony conviction records outweigh any prejudicial effect.

Plaintiff Raul Carrasco's record of his September 22, 1998 felony conviction for Possession Class D with intent to distribute should be admitted because it is relevant and the probative value of its admission outweighs any prejudicial effect. Because Raul explicitly claims that after the November 29-30, 2001 incident he became fearful of police officers and of being arrested, the fact that he was arrested and convicted of a felony relates directly to his state of mind and the credibility of his claims. Thus, the record of his conviction should be admitted.

All of the above listed felony convictions records of Plaintiff Ivan Carrasco must be admitted because they, too, are highly relevant and the probative value of their admission outweigh any prejudicial effect. Because Ivan claims that he was the victim in the November 29-30, 2005 bar fight and that he purportedly tried to avoid any confrontation, each and every one of Ivan's felony convictions relate directly to his credibility. His felony convictions relate directly to his propensity for violence and his disregard for police authority. Thus, the admission of these records is highly probative of his actions and should be admitted.

For the forgoing reasons, the Defendant Sean Gannon respectfully requests that this Court deny the plaintiffs' Motion in Limine prohibiting the introduction of the plaintiffs' prior felony convictions.

> Respectfully Submitted,
> DEFENDANT, SEAN GANNON
> Merita A. Hopkins
> Corporation Counsel
> By his attorneys:
>
> S/ Tsuyoshi Fukuda
> _____
> Stephen G. Cox  BBO# 566943
> Tsuyoshi Fukuda  BBO# 648739
> Assistant Corporation Counsel
> City of Boston Law Department
> Room 615, City Hall
> Boston, MA 02201
> (617) 635-4064 (SGC)
> (617) 635-4038 (TF)