UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IVAN D. CARRASCO and
RAUL CARRASCO,
    Plaintiffs,

v.                              CIVIL ACTION NO. 1:03-CV-12485-GAO

THE RACK, INC. and
SEAN GANNON,
    Defendants.

### PLAINTIFFS' REQUESTS FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51(a)(1), Plaintiffs Ivan D. Carrasco and Raul Carrasco request the Court to instruct the jury at the close of evidence at trial in this matter on the law pertinent to this case as follows:

1.    In this case, the Plaintiffs, Ivan and Raul Carrasco, have alleged that the Defendant Sean Gannon is liable to them for violating their civil rights and for intentional infliction of emotional distress.

2.    In order for you to render a verdict on these counts for the Plaintiffs, you need to understand all the elements of the causes of action alleged by Ivan and Raul Carrasco and find that they have established them all by a preponderance of the evidence.

3.    "'Preponderance of the evidence' is regarded a lesser standard of proof than 'beyond a reasonable doubt.'" *Commonwealth v. Abrante*, 62 Mass.App.Ct. 1109, 817 N.E.2d 339 (2004). An issue "is proved by a preponderance of the evidence if it is made to appear more likely or probable in the sense that actual belief in its truth, derived from the evidence, exists in the

mind ... of the tribunal notwithstanding any doubts that may still linger there."

Sargent v. Massachusetts Acc. Co., 307 Mass. 246, 250, 29 N.E.2d 825 (1940).

## 42 U.S.C. § 1983: Excessive Force

4.　In order to find for plaintiffs on their civil rights violations claim, you must find that they have demonstrated (1) that Sean Gannon acted under color of state law, and (2) that Sean Gannon deprived Ivan and Raul Carrasco of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See* 42 U.S.C.A. § 1983.

5.　In particular, Ivan and Raul Carrasco contend that when Sean Gannon handcuffed and restrained them, he violated their Fourth Amendment right against unreasonable searches and seizures[1] to be free from the use of excessive force. *Graham v. Connor*, 490 U.S. 386, 395-396, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989).

6.　Your determination as to whether or not Sean Gannon used excessive force is a question of objective reasonableness of the use of force. *Tennessee v. Garner*, 471 U.S. 1, 8, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1 (1985).

7.　Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of "'the nature and quality of the intrusion on the individual's Fourth Amendment interests'" against the countervailing governmental interests at stake. *Graham v. Connor*, 490 U.S. at 396, 109 S.Ct. at 1871, *citing id.* at 8, 105 S.Ct. at 1699.

8.　The "reasonableness" inquiry in an excessive force case is an objective one: the question is whether Sean Gannon's actions were "objectively

---

[1] A "seizure" triggering the Fourth Amendment's protections occurs where government actors have, "by means of physical force or show of authority, ... in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19, n. 16, 88 S.Ct. 1868, 1879, n.16, 20 L.Ed.2d 889 (1968).

3

reasonable" in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation. *See Scott v. U.S.*, 436 U.S. 128, 137-139, 98 S.Ct. 1717, 1723-1724, 56 L.Ed.2d 168 (1978).

## 42 U.S.C. § 1983: Substantive Due Process

9.  Plaintiffs have also alleged that Sean Gannon deprived them of their right to substantive due process, which is the right to be free from arbitrary and oppressive exercises of power without any reasonable justification in the service of a legitimate governmental objective. *County of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S.Ct. 1708, 1716, 140 L.Ed.2d 1043 (1998).

10.  For you to find abusive executive action, you must find that Sean Gannon's actions constituted the most egregious official conduct to be said to be arbitrary in the constitutional sense. *Id.*

11.  In other words, Sean Gannon's actions must rise to an executive abuse of power so as to shock the conscience for you to find that he violated Ivan and Raul Carrasco's substantive due process rights. *Id.*, 118 S.Ct. at 1717.

## 42 U.S.C. § 1983: Equal Protection

12. Ivan and Raul Carrasco also contend that their Constitutional right to equal protection under the law was violated by Sean Gannon detaining them and not their white attackers.

13. The Equal Protection Clause of the Constitution prohibits selective enforcement of the law based on considerations such as race. *Whren v. U.S.*, 517 U.S. 806, 813, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996).

14. If you find that Sean Gannon treated Ivan and Raul Carrasco disparately from the white individuals involved in the incident due to the fact that they are Dominican, you must find that Sean Gannon's actions in this regard were violative of Plaintiffs' civil rights unless he was in the course of enforcing a compelling governmental interest in a means narrowly tailored to further that interest. *Adarand Constructors, Inc. v. Pea*, 515 U.S. 200, 235, 115 S.Ct. 2097, 2097, 2117, 132 L.Ed.2d 158 (1995).

### G.L. c. 12, § 11I: Massachusetts Civil Rights Act

15. You may also find that Sean Gannon violated Plaintiffs' civil rights if he interfered or attempted to interfere with the exercise or enjoyment of Plaintiffs' rights secured by the Constitution or laws of the United States or the Constitution and laws of the Commonwealth of Massachusetts by "threats, intimidation or coercion." *Swanset Dev. Corp. v. City of Taunton*, 423 Mass. 390, 395, 668 N.E.2d 333, 337 (1996).

16. Arrest and detention is "intrinsically coercive" for these purposes. *Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, 92-93, 711 N.E.2d 911 (1999).

**Intentional Infliction of Emotional Distress**

17. In addition to claiming that Sean Gannon violated their civil rights, Ivan and Raul Carrasco also allege that Sean Gannon is also liable for intentional infliction of emotional distress.

18. To find for Plaintiffs on this count, you must find (1) that Sean Gannon intended to cause, or should have known that his conduct would cause, emotional distress; (2) that Sean Gannon's conduct was extreme and outrageous; (3) that his conduct caused the Plaintiffs' distress; and (4) that the Plaintiffs suffered severe distress. To be considered extreme and outrageous, Sean Gannon's conduct must be found by you to be beyond all bounds of decency and … utterly intolerable in a civilized society." *Howcroft v. City of Peabody*, 51 Mass.App.Ct. 573, 596, 747 N.E.2d 729 (2001).

Respectfully submitted,
Plaintiffs, Ivan D. Carrasco
and Raul Carrasco
By their Attorney,

Robert H. Flynn (BBO#172900)
Flynn Law Firm, P.C.
27 Mica Lane
Wellesley, MA 02841
(781) 239-1005

Dated: September 16, 2005
Q:\Carrasco0.2191\Plead\req jury ins.doc