UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  03 CV 12485 GAO

IVAN D. CARRASCO and
RAUL CARRASCO,
    Plaintiffs

v.

SEAN GANNON
    Defendant

**DEFENDANT SEAN GANNON'S OPPOSITION TO PLAINTIFFS'
MOTION TO EXTEND TIME OF FILING NOTICE OF APPEAL**

**I.    INTRODUCTION**

This action alleged that on November 30, 2001, while at the Rack in Boston, the Defendant Sean Gannon violated the federal civil rights of Plaintiffs Ivan D. Carrasco and Raul Carrasco. Plaintiffs also claimed a violation of state civil rights. This action was tried before a jury on September 22, 2005 and September 23, 2005. The jury returned a verdict in favor of the Defendant on all counts, and final judgment was entered on September 23, 2005. On November 8, 2005, forty-six (46) days after judgment was entered, the Plaintiffs filed a handwritten *Motion to extend time of filing Notice of Appeal*. The Motion requested an unspecified extension of time and a waiver of fees.[1]

**II.    ARGUMENT**

Under Fed.R.App.P. 4(a)(5), the district court may extend the thirty-day time for filing a notice of appeal if:

---

[1] The Plaintiff's Motion also attached a "Notice of Intent to Appeal," which purports to be dated October 4, 2005, and indicates that a courtesy copy was sent to Defendant's counsel. This document was never docketed by the Court, nor received by Defendant's counsel (until receiving the Motion itself via electronic notification from the Court), and thus no weight or significance should be attached to this "Notice."

1

      (i)    "a party so moves not later than 30 days after the time prescribed by this Rule 4(a) expires; and

     (ii)    regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed.R.App.P. 4(6)(5)(ii).

Any extension granted cannot exceed "30 days after the prescribed time or 10 days after the date of entry of the order granting the motion, whichever is later." Fed.R.App.P. 4(a)(5)(c). Granting such a motion requires a showing of either excusable neglect or good cause. Fed.R.App.P. 4(a)(5). See Mirpuri v. ACT Mfg., 212 F.3d 624, 630 (1st Cir. 2000).

The Plaintiffs have utterly failed to make a showing of excusable neglect or good cause. No explanation whatsoever is given for their request for an extension, other than referring to themselves as pro se litigants.

In general, the First Circuit reads Rule 4(a)(5) as prohibiting overlapping analyses under the good cause and excusable neglect standards; the reference to "good cause" was added in 1979. See Fed.R.App.P. 4 advisory committee's note. The drafters augmented the rule to take account of a narrow class of cases in which a traditional "excusable neglect" analysis would be inapposite. See Pontarelli v. Stone, 930 F.2d 104, 109--11 (1st Cir.1991) (discussing purpose of incremental "good cause" standard). An illustrative case is Scarpa v. Murphy, 782 F.2d 300 (1st Cir.1986), a case in which the putative appellant's tardiness in filing a notice of appeal resulted entirely from external causes. See id. at 301. In such a situation, there is no neglect (and, thus, nothing to excuse). In contrast, where there are no forces beyond the control of the would-be appellant that prevent him from taking timely steps to preserve his rights, "good cause" has no applicability and an extension of the time for appealing can be justified only by a

2

showing of excusable neglect.  See Virella-Nieves v. Briggs & Stratton Corp., 53 F.3d 451, 453--54 (1st Cir.1995).

Once again, the Plaintiffs have presented no facts to the Court that would support a showing of either excusable neglect or good cause.  Simply asking for more time as pro se litigants is not sufficient.  While courts have historically loosened the reins for pro se parties, the "right of self-representation is not 'a license not to comply with relevant rules of procedural and substantive law.' " Andrews v. Bechtel Power Corp., 780 F.2d 124, 140 (1st Cir.1985) (quoting Faretta v. California, 422 U.S. 806, 835 n. 46 (1975)), cert. denied, 476 U.S. 1172 (1986).

## III   CONCLUSION

For the foregoing reasons, the Defendant Sean Gannon respectfully requests this Honorable Court deny *Plaintiffs' Motion to Extend Time of Filing Notice of Appeal*.

                                                    Respectfully Submitted,

                                                    DEFENDANT, SEAN GANNON
                                                    Merita A. Hopkins
                                                    Corporation Counsel
                                                     By his attorneys:

                                                   /s/ Stephen G. Cox
                                                   _____
                                                   Stephen G. Cox  BBO# 566943
                                                   Tsuyoshi Fukuda  BBO# 648739
                                                   Assistant Corporation Counsel
                                                   City of Boston Law Department
                                                   Room 615, City Hall
                                                   Boston, MA 02201
                                                   (617) 635-4064 (SGC)
                                                   (617) 635-4038 (TF)